United States District Court
Southern District of Texas
**ENTERED**
February 25, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-147 |
| | § | |
| CONCEPCION M. LUNA, | § | |
|     Defendant. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Court is a motion for default judgment filed by the United States. Dkt. No. 11. Defendant Concepcion M. Luna ("Luna") has not appeared – nor in any way defended herself – in this proceeding. For that reason, the Court recommends that the motion for default judgment be granted.

**I.  Background**

In 1977, Luna executed a promissory note to secure a student loan guaranteed by the United States Department of Education. Dkt. No. 1-1. Luna defaulted on the loan on June 2, 1981. Dkt. No. 1-1. The Court notes that there is no statute of limitations for collection of student loan debts by the Government. 20 U.S.C. § 1091a(a)(1), (2)(D); U.S. v. Lawrence, 276 F.3d 193, 195-196 (5th Cir. 2001).

On July 31, 2019, the United States filed a complaint seeking payment of the student loan, pre-judgment interest, attorney's fees and administrative fees. Dkt. No. 1. On November 12, 2019, the Government filed a motion, asking the Court to authorize substitute service, via certified mail and leaving a copy of the summons and complaint at Luna's abode. Dkt. No. 3. On November 13, 2019, the Court granted the motion. Dkt. No. 5. On November 13, 2019, summons and copy of the complaint was sent to Luna by certified mail. Dkt. No. 7. On November 14, 2019, summons and copy of the complaint was left at Luna's abode. Dkt. No. 6.

Luna neither entered an appearance, nor otherwise defended herself in this action.

On January 17, 2020, the United States requested an entry of default against Luna. Dkt. No. 8.  On January 23, 2020, the District Clerk's Office filed an entry of default. Dkt. No. 9.  The entry of default was sent to Luna by certified mail. Dkt. No. 10.

On January 24, 2020, the United States filed a motion for default judgment as well as an affidavit that Luna was not in military service. Dkt. No. 11.  Luna has not responded to the motion.

## II. Student Loan Recovery

To recover on a promissory note, the government must show (1) the defendant signed it; (2) the government is the present owner or holder; and, (3) the note is in default. United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001) (citing FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir.1993)).  As a prevailing party, the United States can recover costs and attorney's fees from the Defendant. 28 U.S.C. § 2412(a)(1) & (2)(b); United States v. Chapa, No. C-07-005, 2007 WL 4198387 (S.D. Tex. 2007).

## III. Default Judgments

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. FED. R. CIV. P. 55(b).  The plaintiff must file an affidavit stating whether the defendant is in military service before the Court can issue a default judgment. 50 App. U.S.C. § 521(b)(1).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n., 874 F.2d 274, 276 (5th Cir.1989)). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co., 555 F.3d 422, 424 (5th Cir. 2009).

"In order to properly resolve the Government's Motion, the Court must determine: (1) whether default judgment is procedurally warranted; (2) whether the Government's Complaint sufficiently sets forth facts establishing that it is entitled to relief; and (3) what form of relief, if any, the Government should receive." United States v. Giles, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008). After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true. U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987).

**IV. Analysis**

Default judgment is procedurally warranted in this case. Luna has "failed to plead or otherwise defend" herself in this matter, despite receiving service of the complaint and summons. The District Clerk's Office has filed an entry of default. The Court has waited at least 21 days since the motion for default judgment was filed, but the defendant still has taken no action to defend this case. Finally, the United States has submitted an affidavit that Luna is not in military service. Dkt. No. 11.

The United States has sufficiently set forth facts entitling it to relief. The United States has established that it issued a promissory note to Luna; that the United States owns the note; and, that the note is unpaid. Dkt. No. 1, Ex. 1; See U.S. v. Lawrence, 276 F.3d 193, 196 (5th Cir. 2001) (Because no party disputes the competency of the evidence, it may be relied upon for entry of default judgment). Based upon these facts, the United States has pled all of the elements to succeed in an action against a borrower concerning a defaulted student loan.

The United States is entitled to a default judgment for the amounts demanded in the pleadings. FED. R. CIV. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Furthermore, the United States seeks attorney's fees in this action; the Court recommends that such fees are reasonable and appropriate.

## V. Recommendation

For the reasons discussed above, it is **RECOMMENDED** that the Court issue a default judgment as follows against Concepcion M. Luna:

CDCS: 2015A66824:

| | |
|---|---|
| 1. Principal | $750.00 |
| 2. Interest (as of July 16, 2015) | $541.02 |

With prejudgment interest of 3.00% per annum ($0.06/day) from 7/16/2015 to date of judgment.

| | |
|---|---|
| 3. Attorney's Fees | $300.00 |
| 4. Filing Fee | $400.00 |
| 5. Process Server Costs | $203.60 |
| Total | $2,194.62 |

With post-judgment interest entered pursuant to 28 U.S.C. § 1961.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting those findings.

If the District Judge chooses to adopt such findings without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on February 25, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge